UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Justin Strassburg | Amir Shlesinger<br>Katherine Insogna | |

**Proceedings:** DEFENDANTS' MOTIONS TO DISMISS AND TO STRIKE
(filed November 16, 2012)

## I.   INTRODUCTION

On June 21, 2012, plaintiffs Aaron Filler, M.D., Ph.D., doing business as the Institute for Nerve Medicine Medical Associates, Inc., Image Based Surgicenter, Inc., and Neurography Institute Medical Associates, APC (collectively, "plaintiffs") filed suit in the Los Angeles County Superior Court against defendants Blue Cross of California doing business as Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company. Dkt. No. 1, Compl. Plaintiffs allege that defendants engaged in "a fraudulent scheme to enrich its customer" with insurance funds belonging to plaintiffs, who performed various medical procedures on patients insured by defendants. Compl. ¶¶ 4, 14, 17. Plaintiff asserts state law claims for: (1) conversion; (2) fraud; (3) negligent entrustment; (4) interference with contractual relations; (5) fraudulent concealment; and (6) tortious breach of implied covenant of good faith and fair dealing.

On October 12, 2012, defendants removed this action to this Court pursuant to 28 U.S.C. § 1441. Dkt. No. 1. Defendants argued in their removal notice that plaintiffs' claims relate to the enforcement of rights and the payment of benefits under an ERISA plan, and are therefore completely preempted by ERISA and subject to federal question jurisdiction, 28 U.S.C. § 1331; 29 U.S.C. §§ 1132, 1144. Notice at 2.

On November 16, defendants filed motions to dismiss plaintiffs' complaint and to strike plaintiffs' demands for punitive damages and attorneys' fees. Dkt. Nos. 10, 11. Plaintiffs opposed both motions on November 26, 2012, Dkt. Nos. 12, 13, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 |
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | |

defendants filed replies on December 3, 2012, Dkt. Nos. 14, 15. The Court held a hearing and issued a tentative order on December 17, 2012, in which the Court stated its tentative conclusion that it lacked subject matter jurisdiction over this case. After carefully considering the parties' arguments made in their briefing and at the hearing, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiffs are "non-contracting" providers, because they have never entered into a contract with defendants to provide their services to defendants' members at a particular reimbursement rate. Compl. ¶ 23. Plaintiffs rendered medical services to members of defendants' ERISA-governed health plan in 2010 ("beneficiaries"), pursuant to written contracts that plaintiffs entered into with these individuals. Compl. Ex. A (State Court First Amended Complaint) ¶¶ 15–20, 29. By the terms of these contracts, the beneficiaries assigned their right to payment under their insurance plan to plaintiffs. These individuals, however, are alleged to have breached their promise to pay plaintiffs for the services rendered. Id. Ex. A ¶ 19. Plaintiffs are suing these individuals for breach of contract in separate state court lawsuits, Case Nos. BC 452864 and BC 462971. Compl. Ex. A.

According to plaintiffs, defendants paid for the services that plaintiffs rendered to plan beneficiaries—except that defendants made most, but not all, of the payments directly to the beneficiaries, not plaintiffs. Compl. ¶ 4. Plaintiffs aver that defendants had "recognized and honored the assignment of benefits asserted by their member," Opp'n at 6, but that defendants nonetheless paid benefits directly to the beneficiaries. Plaintiff alleges that defendant "repeatedly, knowingly, and intentionally ignored the warnings and requests of plaintiff" that delivering checks directly to the beneficiary would result in the "wrongful taking of plaintiff's property" by that beneficiary. Compl. ¶ 17. Defendants provided the checks directly to their beneficiaries, plaintiffs allege, in order to "force non-contracted providers to become contracted providers by causing plaintiff and other similarly situated providers to incur tax difficulties and to have their property and services stolen and converted." Id. ¶ 23. In addition, plaintiffs allege that they relied on statements from defendants that review of these beneficiaries' claims remained ongoing, when in fact defendants had allegedly already mailed checks to their beneficiaries, a fact defendants "refused to disclose[] to plaintiff." Id. ¶ 28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 |
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | |

Despite making these payments to the individual members, however, defendants allegedly "designated the payment checks as property of plaintiffs" by reporting "to the IRS that it had paid the amounts to plaintiffs." Id. ¶ 3. Plaintiffs complain that defendants' actions "caused the IRS to send an agent to plaintiffs [sic] place of business" and "demand to know why plaintiff claimed it did not receive the payment." Id. As a result of this conduct, plaintiffs contend that "defendants engaged in a deceptive fraudulent scheme to enrich its customer with funds belonging to plaintiff, by delivering the checks to its customer with its customer's name on the payment line of the check, even thought [sic] plaintiff's IRS number appeared on the same check." Id. ¶ 4. Plaintiffs allege that defendants made these false statements such that plaintiff would have to pay taxes on these funds, and that defendants' beneficiaries could therefore avoid doing so. Id. ¶ 20. In addition, defendants concealed the true location of plaintiffs' "property"—the reimbursement checks at issue—by issuing "indecipherable bulk 1099s" that misstated the true recipient of these funds. These alleged actions caused plaintiffs to bear the expense of an IRS audit, in addition to the expense of filing the state court actions to recover the amounts allegedly owed by the beneficiaries to plaintiffs. Based on these allegations and legal claims, plaintiffs seek compensatory, consequential, and punitive damages.

### III.    LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 |
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | |

because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 |
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | |

### IV. ANALYSIS

#### A. Complete Preemption

Neither party addresses this Court's subject matter jurisdiction over this matter, but this Court has an independent duty to do so. Defendants removed this action solely on the basis of federal question jurisdiction arising out of the complete preemption under ERISA of plaintiffs' state-law claims. While a federal defense normally does not confer jurisdiction on a federal court, in certain limited circumstances, when a state law claim is completely preempted by federal law, a suit may be removable to federal court—based on the doctrine that the preempted state law claim is "recharacterized" as a federal one, thereby giving rise to federal question jurisdiction. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987); W. Schwarzer, A. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial (The Rutter Group 2012) § 2:2583–2589 (noting that the doctrine has been primarily limited to cases implicating ERISA and LMRA § 301). However, the exception is not the rule. "Federal preemption is ordinarily a federal defense to the plaintiff's suit. . . and therefore, [it] does not authorize removal to federal court." Metro. Life Ins., 481 U.S. 58, 63 (1987). As such, if the Court finds that none of plaintiffs' state law claims are completely preempted, the Court must remand this case to state court for lack of subject matter jurisdiction. See Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 951 (9th Cir. 2009) ("Because the [plaintiff's] claims are not completely preempted, there is no federal question removal jurisdiction under 28 U.S.C. § 1441(a), and the district court should have remanded to the state court for the [plaintiff's] suit to proceed."). On the other hand, a single completely preempted claim is sufficient to support federal jurisdiction over this suit. See Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 331 n. 11 (2d Cir. 2011) (noting that "a single preempted claim. . . establish[es] a basis for the exercise of federal subject matter jurisdiction"). The Court may, but need not, exercise supplemental jurisdiction over any remaining, non-completely preempted state law claims. 28 U.S.C. § 1367(a); Montefiore Med. Ctr., 642 F.3d at 332.

Defendants argue that plaintiffs' claims are preempted under ERISA section 514, 29 U.S.C. § 1144(a), and *completely* preempted under ERISA section 502(a), 29 U.S.C. § 1132(a). "Complete preemption under § 502(a) is really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." Marin Gen. Hosp., 581 F.3d at 945 (citations and alterations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 | |
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | | |

omitted).[1]  The notion is that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).  Section 514(a), on the other hand, "is an insufficient basis for original federal question jurisdiction under [28 U.S.C.] § 1331(a) and removal jurisdiction under § 1441(a)," because this provision only provides for conflict—not complete—preemption.  Marin Gen. Hosp., 581 F.3d at 945.  Accordingly, "if the doctrine of complete preemption does not apply, even if the defendant has a defense of conflict preemption within the meaning of § 514(a) because the plaintiff's claims relate to an ERISA plan, the district court is without subject matter jurisdiction." Id. (quotation and alterations omitted); see also Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund, 538 F.3d 594, 596 (7th Cir. 2008) (noting that complete preemption under § 502(a) is "really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim").

A two-prong test determines whether plaintiffs' state-law claims are completely preempted; only if both prongs are satisfied does a federal court have subject matter jurisdiction—on the basis of a federal question—over a purported state law claim.  Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004).  Under the first prong, the question "is whether a plaintiff seeking to assert a state-law claim 'at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B).'" Marin Gen Hosp., 581 F.3d at 947 (quoting Davila, 542 U.S. at 210).  Under the second prong, the question is whether "there is no other independent legal duty that is implicated by a defendant's actions." Id. (quoting Davila, 542 U.S. at 210).  However, "the mere fact that the state cause of action attempts to authorize remedies beyond those authorized by ERISA § 502(a) [does not] put the cause of action outside the scope of the ERISA civil enforcement

---

[1] Although Davila and Marin Gen. Hosp. only discuss complete preemption in the context of § 502(a)(1)(B), "[t]he complete preemption doctrine applies to the other subparts of § 502(a) as well." Fossen v. Blue Cross & Blue Shield of Montana, Inc., 660 F.3d 1102, 1108 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'     JS-6

| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | |

mechanism"—the preemptive force of ERISA may eliminate certain state law remedies without providing a federal alternative. <u>Davila</u>, 542 U.S. at 214–15.[2]

      Defendants do not argue in their opening brief that plaintiffs' claims are completely preempted, relying solely on section 514(a)'s conflict preemption language. <u>See</u> Mot. at 5–6. Only in their reply brief do defendants posit that plaintiffs' claims are completely preempted under section 502, in addition to being preempted by section 514. Reply at 4–6. They argue that the first prong of <u>Davila</u> is satisfied since plaintiffs could have brought their claim under ERISA § 502(a) to recover benefits under the plan. Since plaintiffs purportedly seek ERISA plan benefits based on their standing as assignees, <u>see</u> Opp'n at 3:10, 6:9–10, 6:24–25, defendants contend that plaintiffs could have brought a claim under § 502(a) to recover the relief they seek in their complaint. Second, defendants argue that despite plaintiffs' assertions to the contrary, plaintiffs' claims are premised solely on the ERISA plan benefits they allegedly did not receive. In particular, defendants aver that plaintiffs' claims are based upon an assignment of benefits to plaintiffs by ERISA-covered beneficiaries; therefore, these claims are not based upon

---

      [2] In <u>Davila</u>, the plaintiffs had sought and been denied coverage for certain medical treatments by their ERISA plan administrators. 542 U.S. at 204. The plaintiffs did not seek judicial review of these benefit-denial decisions nor opt to pay for the treatment themselves. Both individuals allegedly suffered further injuries as a result. <u>Id.</u> Instead, the plaintiffs brought suit in state court against the ERISA plans, alleging several claims under a state law providing for a claim against a health care organization for failure to exercise ordinary care in the handling of coverage decisions. <u>Id.</u> The Supreme Court held that plaintiffs' claims were completely preempted, reasoning that "respondents complain only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans. Upon the denial of benefits, respondents could have paid for the treatment themselves and then sought reimbursement through a § 502(a)(1)(B) action. . . ." <u>Id.</u> at 211. Thus the plaintiffs had a remedy available to them, at some point in time, under section 502(a). Moreover, the Supreme Court held that the duties imposed by the state law did "do not arise independently of ERISA or the plan terms." <u>Id.</u> at 212. The <u>Davila</u> court noted that "liability would exist here only because of petitioners' administration of ERISA-regulated benefit plans," because any liability "derives entirely from the particular rights and obligations established by the benefit plans." <u>Id.</u> at 213. As such, the Court held that plaintiffs' "causes of action, brought to remedy only the denial of benefits under ERISA-regulated benefit plans," were completely preempted pursuant to section 502(a). <u>Id.</u> at 221.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 | |
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | | |

any independent non-ERISA duty "implicated by" defendant's actions. Defendants do not, however, tailor their argument to plaintiffs' six distinct claims for relief.

   1.   **First Davila Prong**

   In a case involving a third-party provider, like this one, the first prong of Davila can be further disaggregated. First, the issue is "whether the plaintiff is the type of party that can bring a claim pursuant to § 502(a)(1)(B);" second, the question is "whether the actual claim that the plaintiff asserts can be construed as a colorable claim for benefits pursuant to § 502(a)(1)(B)." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 328 (2d Cir. 2011). As to the first issue, generally only a beneficiary or participant in an ERISA plan can bring a civil action to enforce certain rights under the plan. See 29 U.S.C. § 1132(a). However, the Ninth Circuit has held that a health care provider can assert a claim under § 502(a) when a beneficiary has assigned to a provider that individual's right to benefits under the ERISA plan. See Misic v. Bldg. Serv. Employees Health & Welfare Trust, 789 F.2d 1374, 1377–78 (9th Cir. 1986) ("under federal law the beneficiaries' claim for reimbursement may be assigned to the health service provider"). Plaintiffs here received an allegedly valid assignment of benefits from their patients before providing medical care to these individuals. See, e.g., Opp'n at 3, 6, 7, 10; Compl. ¶ 3. Indeed, plaintiffs' argument is that defendants should have paid these benefits directly to plaintiffs (but allegedly failed to do so) because of an assignment by the underlying beneficiaries. Therefore, plaintiffs are the type of party that can bring a claim under § 502(a). See Blue Cross of California v. Anesthesia Care Associates Med. Group, Inc., 187 F.3d 1045, 1051 (9th Cir. 1999) ("[b]ecause a health care provider-assignee stands in the shoes of the beneficiary, such a provider has standing to sue under § 502(a)(1)(B) to recover benefits due under the plan."); Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 404 (3d Cir. 2004) (holding that the presence or "absence of an assignment is dispositive of the complete pre-emption question.").

   Second, the Court considers whether any of plaintiffs' claims can be construed as "colorable" claims for benefits under defendants' ERISA plan. If defendants had never paid the amounts owed under the plan to either plaintiffs or the beneficiaries, there is no question that plaintiffs could have brought suit under section 502(a) to vindicate their right as assignees to obtain plan benefits. See, e.g., The Meadows v. Employers Health Ins., 47 F.3d 1006, 1008 (9th Cir. 1995) ("ERISA preempts the state claims of a provider suing as an assignee of a beneficiary's rights to benefits under an ERISA plan."). However, this case is unusual in that plaintiffs do not directly seek benefits under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 | |
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | | |

plan, because plaintiffs "do not dispute the amount that defendants chose to pay," which has already been paid in full to the plan beneficiaries. Opp'n at 5. As such, plaintiffs have no claim *as assignees* for benefits owed to them under the beneficiaries' plan—such benefits have already been paid. However, unlike a case like Blue Cross, 187 F.3d at 1051, where the provider-assignee had an independent contract with the ERISA benefit plan provider, there is no contract at issue here between plaintiffs and defendants by which plaintiffs seek relief, at least for some of plaintiffs' claims. See also Marin Gen. Hosp., 581 F.3d at 948 (holding that the first prong of Davila remained unmet where the hospital asserted "an obligation to make the additional payment" based upon an "alleged oral contract between the Hospital and [the ERISA benefits plan]," that does not stem from the ERISA plan itself); Lone Star OB/GYN Associates v. Aetna Health Inc., 579 F.3d 525, 528 (5th Cir. 2009) (provider had entered into a separate contract requiring direct payment at certain rates from the ERISA plan). Plaintiffs' claims are instead premised upon defendants' conduct with respect to the assigned benefits, including its alleged delivery of benefit checks to plaintiffs' patients and submission of allegedly false information to the IRS.

     Based on the foregoing principles, the Court concludes that plaintiffs' claims for conversion, negligent entrustment, and interference with contractual relations could all be construed as colorable claims for benefits owed pursuant to an ERISA plan. Although plaintiffs bring claims in tort, plaintiffs' allegations make clear that these claims are premised upon the ERISA benefits plaintiffs allege they did not receive. Their claim for conversion, for example, focuses on the benefit payment checks that defendants were allegedly supposed to provide directly to plaintiffs pursuant to an assignment of benefits, but instead provided to plaintiffs' patients (defendants' beneficiaries). Compl. ¶ 17. Plaintiffs' only claim to such funds, however, is by virtue of an assignment from their patients of the right to benefits under the plan. Plaintiffs' claim for interference with contractual relations is again premised upon the assignment of benefits by defendants' beneficiaries, as plaintiffs complain of defendants' payment of funds to the beneficiaries, rather than to plaintiffs. Compl. ¶ 25. And plaintiffs' claim for negligent entrustment rests upon their allegations that defendants negligently gave plaintiffs' property—the assigned ERISA benefits—to defendants' beneficiaries. Id. ¶¶ 22–23. Because what plaintiffs seek by way of these claims is the benefits they claim are owed to them pursuant to an ERISA-covered benefits plan, these claims can be construed as claims for benefits that could have been brought under section 502(a) at some point in time. See Marin Gen Hosp., 581 F.3d at 947. That defendants eventually paid these benefits to their beneficiaries is of no moment; what matters is that plaintiffs,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 |
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | |

at some point in time, had a claim for benefits as an assignee of a beneficiary's rights to benefits under an ERISA plan.

Plaintiffs' other claims—for fraud, fraudulent concealment, and tortious breach of an implied covenant of good faith and fair dealing—are premised upon a different theory of liability. The fraud claims rest on plaintiffs' allegations that defendants falsely represented on plaintiffs' tax forms the recipient of benefits. Compl. ¶¶ 20, 28. The claim of good faith and fair dealing is premised upon plaintiffs' allegations that there existed a separate "contract" between the parties to this case, independent of plaintiffs' contracts with the non-party ERISA beneficiaries. Id. ¶¶ 30–31. Unlike Davila, where the plaintiffs complained "only about denials of coverage," these claims simply cannot be construed as claims that could have been brought as claims for "benefits" under an ERISA plan at some point in time.[3] The Davila test thus remains unmet for these claims.

### 2. Second Davila Prong

Resolution of the second Davila prong "requires a practical, rather than a formalistic, analysis because '[c]laimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort.'" Fossen v. Blue Cross & Blue Shield of Montana, Inc., 660 F.3d 1102, 1110–11 (9th Cir. 2011) (quoting Cleghorn v. Blue Shield of California, 408 F.3d 1222, 1224 (9th Cir. 2005)). However, if "there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." Marin Gen. Hosp., 581 F.3d at 949. The question is ultimately "whether the state-law claims 'arise independently of ERISA or the plan terms.'" Fossen, 660 F.3d at 1110 (quoting Davila, 542 U.S. at 212).

---

[3] Even were the Court to follow the preemption logic still further—and find that any fraud defendants allegedly committed arose only "because of" the alleged failure to pay ERISA benefits to plaintiffs—the duties defendants violated would be independent of duties that arise solely from defendants' status as plan administrators. Whatever the merits of plaintiffs' claims, there is no doubt that defendants have an independent duty not to commit fraudulent acts or tortiously interfere with a purported contract. ERISA does not completely preempt these claims that lie outside the "scope" of § 502(a)'s remedial scheme. See Davila, 542 U.S. at 210–11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 | |
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | | |

With respect to plaintiffs' claims for conversion, negligent entrustment, and interference with contractual relations, the Court finds that the second prong of <u>Davila</u> is satisfied. Although these claims are styled as tort claims relying on duties that arise independently from ERISA, closer examination reveals that what plaintiffs complain of is a failure to pay benefits owed under an ERISA plan. The "conversion" plaintiffs speak of is defendants' failure to pay benefits directly to them, as the assignees of benefits under the ERISA plan. This theory of wrongdoing is not cognizable as anything other than a claim to benefits under the plan, because plaintiffs had no right to obtain the benefit payments directly from defendants—the contracts that plaintiffs entered into with their members provide that the members remain liable for payment in full, not defendants. <u>See</u> Compl. Ex. A (State Court Compl.), Ex. A thereto. Any claim for conversion should therefore be directed at plaintiffs' patients, not the ERISA plan administrator. Plaintiffs' allegation that they "repeatedly warned" defendants not to make any payments to the beneficiaries demonstrates their misunderstanding of the effect of an assignment of benefits pursuant to a contract. Other than plaintiffs' standing to bring suit under ERISA against defendants for a failure to pay benefits under the plan, plaintiffs' contract with *their patients* did not affect plaintiffs' legal relationship *with defendants*. As such, defendants had no legal duty to pay the plan benefits directly to plaintiffs, and plaintiffs' claim for "conversion" cannot be said to arise independently of ERISA. Plaintiffs' conversion claim thus satisfies both prongs of <u>Davila</u>.

Claims for negligent entrustment and interference with contractual relations also fall within the scope of section 502(a) and the second part of the <u>Davila</u> test. As with plaintiffs' conversion claim, these claims are premised on a fundamental misreading of the respective duties of each party with respect to the payment of ERISA plan benefits. The duty plaintiffs contend that defendants have violated with respect to each of these claims is defendants' duty to pay benefits owed to plaintiffs under the terms of an ERISA plan; defendants instead allegedly paid these benefits to their beneficiaries. Absent any other legal relationship between plaintiffs and defendants, any duty to pay benefits directly to plaintiffs arises, if at all, only because of an assignment of a right to benefits under an ERISA plan. As such, plaintiffs' claims do not arise from any independent duty on the part of defendants, satisfying the second prong of <u>Davila</u>.

Because three of plaintiffs' claims are completely preempted, the Court has subject matter jurisdiction over this entire matter on the basis of a federal question. 28 U.S.C. § 1331, 1441(a); <u>Montefiore Med. Ctr.</u>, 642 F.3d at 332 (holding that complete preemption of "at least some" of the plaintiff's claims "give[s] rise to federal subject matter jurisdiction"). Moreover, because these claims are completely preempted, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 |
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | |

Court grants defendants' motion to dismiss these three claims. In addition, the Court finds that leave to amend these claims would be futile. At this juncture, because plaintiffs do not dispute that all of the benefits owed pursuant to the ERISA plan at issue have already been paid in full, plaintiffs will clearly be unable to state a cognizable claim for ERISA benefits under section 502(a).[4] Plaintiffs will thus be unable to recast their completely preempted state law claims as viable federal claims under ERISA; therefore, granting plaintiffs leave to amend these claims would be an exercise in futility.

### B. Supplemental Jurisdiction

Although this Court has subject matter jurisdiction, all of plaintiffs' remaining claims against defendants arise under state law and do not provide an independent basis for this Court to exercise subject matter jurisdiction over this action.[5] Pursuant to 28 U.S.C. § 1367(a), this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." Plaintiffs' remaining claims clearly arise from the same "common nucleus of operative fact," such that plaintiffs "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). As such, 28 U.S.C. § 1367(a) provides this Court with subject matter jurisdiction over plaintiffs' remaining claims.

However, since the Court has "dismissed all claims over which it has original jurisdiction," the Court may decline to exercise supplemental jurisdiction over plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3); see also 28 U.S.C. § 1367(c)(1) (a court may decline to exercise supplemental jurisdiction where state law claims "substantially predominate[]" over federal ones). This decision is "purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). Relevant factors for this determination include "the circumstances of the particular case, the nature of the state

---

[4] That plaintiffs' potential ERISA claims are extinguished does nothing to diminish the preemptive force of section 502(a), as the Supreme Court has made clear. See Davila, 542 U.S. at 223 (Ginsburg, J., concurring) (detailing "a host of situations in which persons adversely affected by ERISA-proscribed wrongdoing cannot gain make-whole relief").

[5] Neither party contends that this Court has subject matter jurisdiction on diversity grounds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 |
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | |

law claims, the character of the governing state law, and the relationship between the state and federal claims." Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims[.]" Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (citations and alterations omitted).[6]

The Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiffs' state law claims for fraud, fraudulent concealment, and tortious breach of an implied covenant of good faith and fair dealing. Given the thin reed of "complete preemption" upon which jurisdiction in this Court is premised, the Court finds that plaintiffs' remaining claims are best addressed, in the interests of comity and fairness to the parties, in a state court forum. In particular, no federal claims remain to be adjudicated here, even if a federal defense may be raised—this alone supports the Court's declining to exercise supplemental jurisdiction. Plaintiffs's claims of fraud and tortious breach of an implied contract, related not to an ERISA plan but alleged oral and written representations concerning various documents, can be given full consideration in state court. Moreover, the prejudice to any party to this action of remanding plaintiffs' state law claims is limited, because the litigation has not yet progressed beyond plaintiffs' initial complaint. Accordingly, the Court declines to exercise jurisdiction over plaintiff's remaining state law claims and remands these claims to the Los Angeles County Superior Court.

## IV. CONCLUSION

In accordance with the foregoing, the Court finds that plaintiffs' claims for conversion, negligent entrustment, and interference with contractual relations are completely preempted under ERISA section 502(a). The Court GRANTS defendants' motion to dismiss these claims with prejudice, as leave to amend these claims would be futile. The Court declines to exercise supplemental jurisdiction over plaintiffs' claims for fraud, fraudulent concealment, and tortious breach of an implied covenant of good

---

[6] The Ninth Circuit also holds that the a court should weigh the "values of economy, convenience, fairness, and comity" in making this determination. Acri, 114 F.3d at 1001 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | CV 12-8760-CAS (JEMx) | Date | December 17, 2012 |
|---|---|---|---|
| Title | AARON FILLER, MD, PHD, APC V. ANTHEM BLUE CROSS, ET AL. | | |

faith and fair dealing; these claims are hereby REMANDED to the Los Angeles County Superior Court.

    IT IS SO ORDERED.

                                                                                                                                                     00:05
                                                                                                                                                      CMJ

```
cc: order, docket, remand letter
    to Los Angeles Superior Court
    No. BC 486827
```